UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TINA H., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 2:22-cv-00767 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Tina H.[1] brought this action for judicial review of the denial of her application for supplemental security income by the Commissioner of the Social Security Administration.[2] The Administrative Law Judge ("ALJ") who addressed Ms. H.'s application determined she did not qualify as disabled.[3] Ms. H. argues the ALJ erred by failing to include limitations related to her mental impairments in the residual functional capacity assessment.[4] Because the ALJ properly considered Ms. H.'s mental impairments and his findings are supported by substantial evidence, the Commissioner's decision is affirmed.[5]

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the plaintiff is referred to by her first name and last initial only.

[2] (*See* Compl., Doc. No. 5); *see also* 42 U.S.C. §§ 1381–1385.

[3] (Certified Tr. of Admin. R. ("Tr.") 16–30, Doc. No. 10.)

[4] (*See* Opening Br., Doc. No. 11 at 1, 7, 13–15.)

[5] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  (Doc. No. 8.)

1

STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. This court reviews the ALJ's decision to determine whether substantial evidence supports his factual findings and whether he applied the correct legal standards.[6] "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] Although the evidentiary sufficiency threshold for substantial evidence is "not high," it is "more than a mere scintilla."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11] And the court may not reweigh the evidence or substitute its judgment for that of the ALJ.[12]

---

[6] *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

[8] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, ___ U.S. ___ (2019) (internal quotation marks omitted).

[9] *Id.* at 1154 (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

[12] *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).

APPLICABLE LAW

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to result in death or last for at least twelve consecutive months.[13] An individual is considered disabled only if her impairments are so severe, she cannot perform her past work or "any other kind of substantial gainful work."[14]

In determining whether a claimant qualifies as disabled, the ALJ uses a five-step sequential evaluation, considering whether:

1) the claimant is engaged in substantial gainful activity;

2) she has a severe medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity (listed in the appendix of the relevant disability regulation);

4) she has the residual functional capacity to perform past relevant work; and

5) she has the residual functional capacity to perform other work, considering her age, education, and work experience.[15]

---

[13] 42 U.S.C. § 1382c(a)(3)(A).

[14] *Id.* § 1382c(a)(3)(B).

[15] *See* 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

The claimant has the burden, in the first four steps, of establishing disability.[16]  At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work in the national economy.[17]

## PROCEDURAL HISTORY

Ms. H. applied for disability insurance benefits and supplemental security income on February 12, 2020, alleging disability beginning on January 2, 2012.[18]  Ms. H.'s claim for disability insurance benefits was later dismissed at her request,[19] and she amended her alleged disability onset date to February 12, 2020.[20]  After an administrative hearing,[21] the ALJ issued a decision on March 25, 2022, finding Ms. H. not disabled and denying supplemental security income benefits.[22]

At step two of the sequential evaluation, the ALJ found Ms. H. had the severe impairments of "obesity; cervical and lumbar degenerative disc disease; osteoarthritis of the right hip, status pre and post total hip arthroplasty; asthma and obstructive sleep apnea."[23]  The ALJ found Ms. H.'s mental impairments of depression, anxiety, and attention deficit hyperactivity disorder ("ADHD") were nonsevere because they caused no more than "minimal limitation in

---

[16] *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

[17] *Id.*

[18] (*See* Tr. 16.)

[19] (*See* Tr. 16–17, 29, 40.)

[20] (*See* Tr. 16, 40.)

[21] (*See* Tr. 36–60.)

[22] (Tr. 16–30.)

[23] (Tr. 19.)

[Ms. H.'s] ability to perform basic mental work activities."[24] In making this finding, the ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders, known as the "paragraph B" criteria.[25] The ALJ found Ms. H. had no limitation in the first area of understanding, remembering, or applying information; no limitation in the second area of interacting with others; mild limitation in the third area of concentrating, persisting, and maintaining pace; and no limitation in the fourth area of adapting or managing oneself.[26]

At step three, the ALJ found Ms. H.'s impairments did not meet or medically equal an impairment listing.[27] The ALJ then found Ms. H. had the residual functional capacity ("RFC")[28] to perform light work, with additional exertional and functional limitations.[29] The ALJ did not include limitations related to Ms. H.'s mental impairments in her RFC.[30] At step four, after considering the testimony of a vocational expert, the ALJ found Ms. H. capable of performing

---

[24] (Tr. 19–21.)

[25] (Tr. 19–20); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(E) (listing the paragraph B criteria).

[26] (Tr. 20.)

[27] (Tr. 22.)

[28] A claimant's RFC is the most she can do in a work setting considering her limitations. *See* 20 C.F.R. § 416.945(a)(1); *see also* SSR 96-8p, 1996 SSR LEXIS 5, at *1–2 (July 2, 1996). The ALJ considers all severe and nonsevere impairments and all relevant medical and other evidence in the record. *See* 20 C.F.R. § 416.945(a)(2)–(3).

[29] (*See* Tr. 22.) Specifically, the ALJ found Ms. H. could "occasionally climb ladders, ropes or scaffolds and frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl" and "must avoid concentrated exposure to pulmonary irritants and hazards." (*Id.*)

[30] (*See id.*)

past relevant work as a benefits clerk.[31] Therefore, the ALJ found Ms. H. not disabled and denied her supplemental security income claim.[32]

The Appeals Council denied Ms. H.'s request for review,[33] making the ALJ's decision final for purposes of judicial review.

## ANALYSIS

Ms. H. argues the ALJ erred by failing to include any limitations related to her mental impairments in her RFC.[34] Ms. H. also argues she could not perform past relevant work as a benefits clerk due to mental impairment-related limitations.[35] As explained below, the ALJ properly considered Ms. H.'s mental impairments in assessing her RFC, and his findings are supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

"In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"[36] Thus, "even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his residual functional capacity [] analysis at step four."[37] The paragraph B criteria "are not an RFC assessment but are used to rate the

---

[31] (Tr. 29.)

[32] (Tr. 29–30.)

[33] (Tr. 1–4.)

[34] (*See* Opening Br., Doc. No. 11 at 1, 7, 13–15.)

[35] (*See id.* at 1, 8, 15–16.)

[36] SSR 96-8p, 1996 SSR LEXIS 5, at *14; *see also* 20 C.F.R. § 416.945(a)(2).

[37] *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013).

severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."[38] The mental RFC assessment at steps 4 and 5 is more detailed, requiring the ALJ to itemize "various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings."[39] The ALJ may not simply rely on findings at steps two and three of the sequential analysis as a substitute for a proper RFC analysis.[40]

Ms. H. asserts the ALJ's RFC assessment contained no discussion of her mental limitations.[41] This is incorrect. Instead, the record shows the ALJ discussed Ms. H.'s alleged limitations related to her mental impairments in the RFC assessment. As an initial matter, the ALJ acknowledged the "paragraph B" criteria were not an RFC assessment, and he explained that the RFC assessment reflected the degree of limitation he found in the "paragraph B" mental function analysis.[42] But he did not stop there. In the portion of the decision addressing RFC, the ALJ considered Ms. H.'s claim that her impairments affected her ability to "remember, complete tasks, concentrate, understand, follow instructions, . . . and get along with others."[43] The ALJ found Ms. H.'s self-reported daily activities were "inconsistent with her allegations of disabling symptoms and limitations."[44] The ALJ cited Ms. H.'s reports that she could care for her support dog, prepare simple meals, complete light household chores, grocery shop, count change,

---

[38] SSR 96-8p, 1996 SSR LEXIS 5, at *13.

[39] *Id.*

[40] *See Wells*, 727 F.3d at 1065.

[41] (Opening Br., Doc. No. 11 at 14.)

[42] (Tr. 20.)

[43] (Tr. 23.)

[44] (*Id.*)

socialize with others, drive, and do activities such as beading (with breaks).[45] The ALJ found "[s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment."[46] Thus, the ALJ found Ms. H.'s "ability to participate in such activities [was] inconsistent with her allegations of functional limitations."[47]

In assessing RFC, the ALJ also addressed the medical opinion of a treating provider, Annie Bacon, LCSW, regarding Ms. H.'s limitations related to mental impairments.[48] Ms. Bacon opined that Ms. H.'s symptoms related to depression, anxiety, and ADHD were "severe enough to interfere often with [Ms. H.'s] attention and concentration required to perform simple work related tasks."[49] The ALJ found this opinion "not persuasive," noting Ms. Bacon "simply checked boxes indicating [Ms. H.'s] limitations and gave no explanation beyond [Ms. H.'s] mental diagnoses."[50] Ms. H. does not challenge the ALJ's assessment of Ms. Bacon's opinion.

These portions of the ALJ's decision demonstrate the ALJ properly considered limitations related to mental impairments in assessing Ms. H.'s RFC. Contrary to Ms. H.'s argument, the ALJ did not disregard her mental impairments or merely rely on his step-two

---

[45] (Tr. 23, 26 (citing Tr. 265–74, 630–33, 644).)

[46] (Tr. 26.)

[47] (*Id.*)

[48] (Tr. 27, 516–17.) Although Ms. Bacon's opinion was provided on a "physical assessment" form, Ms. Bacon indicated the assessment related to Ms. H.'s diagnoses of "major depressive disorder, attention deficit hyperactiv[ity] disorder, [and] social anxiety"—Ms. H.'s claimed mental impairments—and it addressed mental limitations related to attention and concentration. (Tr. 516.)

[49] (Tr. 27 (citing Tr. 516).)

[50] (*Id.*)

8

findings. Rather, the ALJ's RFC analysis addressed Ms. H.'s claimed limitations related to her mental impairments, and the ALJ provided specific reasons, supported by citations to the record, for not including mental impairment-related limitations in the RFC.

Ms. H. also suggests the ALJ's finding of a mild limitation in concentrating, persisting, and maintaining pace at step two of the sequential evaluation meant the ALJ was required to include mental limitations in the RFC assessment.[51] The Tenth Circuit has rejected this notion, explaining that a finding of limitations in the paragraph B criteria "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."[52] Thus, the ALJ's decision not to include limitations related to mental impairments in the RFC was not inconsistent with his finding of a mild limitation at step two.

Finally, the ALJ's decision not to include mental limitations in the RFC is supported by substantial evidence, including Ms. H.'s self-reported daily activities and the lack of persuasive medical opinion evidence supporting functional limitations related to mental impairments. Although not specifically discussed in the RFC portion of the decision, the ALJ's findings are also supported by the medical opinion evidence and prior administrative findings discussed in the step-two analysis. The ALJ found the opinions of two state agency consultants that Ms. H. had no more than mild limitations in mental functioning persuasive, noting the opinions were consistent with predominantly normal mental exam findings throughout the medical record.[53]

---

[51] (Reply Br. 7–8, Doc. No. 18.)

[52] *Bales v. Colvin*, 576 App'x 792, 798 (10th Cir. 2014) (unpublished) (holding an ALJ who assessed moderate limitations in concentration, persistence, and pace at step three was not required to incorporate these limitations into the RFC determination).

[53] (Tr. 21 (citing Tr. 61–89, 93–98, 100–08 (prior administrative findings); Tr. 365, 731, 910, 917, 919, 923 (medical records)).)

The ALJ also found Ms. Bacon's opinion that Ms. H. had moderate to marked limitations in some areas of mental functioning was not supported by her own mental status findings and inconsistent with medical records showing medication was helpful for Ms. H.'s depression and ADHD.[54]

Based on this record, Ms. H. has demonstrated no error in the ALJ's RFC assessment. Because the ALJ's decision not to include mental limitations in the RFC is supported by substantial evidence, the ALJ was not required to address the mental demands of Ms. H.'s past relevant work.[55]

## CONCLUSION

Because the ALJ properly considered Ms. H.'s mental impairments in assessing her residual functional capacity and his findings are supported by substantial evidence, the Commissioner's decision is affirmed.

DATED this 9th day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[54] (*Id.* (citing Tr. 518–20 (mental capacity assessment); Tr. 370, 376, 678, 910, 913, 917, 919, 923 (medical records)).)

[55] *See Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013) (unpublished).